IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **GEORGE BRAD BEAVERS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | **CASE NO. 2:06-CV-243** |
| **v.** | § | |
| | § | |
| | § | |
| **GOOD SHEPARD MEDICAL CENTER,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Good Shepard Medical Center's ("Good Shepard") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(3) or 28 U.S.C. § 1406(a) or Alternatively to Transfer Venue Pursuant to 28 U.S.C. § 1404(b) to the Tyler Division of the Eastern District of Texas (Docket No. 5). Having considered the parties' written submissions, the Court **DENIES** the motion for the reasons set forth below.

## BACKGROUND

Plaintiff alleges in this suit that his employer, Good Shepard, violated the Family and Medical Leave Act ("FMLA"). 29 U.S.C. § 2601(a) et seq. Good Shepard is located and operates in Longview, Texas. Plaintiff resides in Winnsboro, Texas. Both Longview and Winnsboro are located in the Tyler Division of the Eastern District of Texas.

On June 15, 2006, Plaintiff filed suit in the Marshall Division of the Eastern District of Texas. On July10, 2006, Good Shepard filed a motion to dismiss for improper venue pursuant to FRCP 12(b)(3) or 28 U.S.C. § 1406(a), or alternatively to transfer to the Tyler Division of the

Eastern District of Texas pursuant to 28 U.S.C. § 1404.

## APPLICABLE LAW

This case is based federal question subject matter jurisdiction.  Venue in federal question litigation is generally governed by 28 U.S.C. § 1391(b), which states in relevant part that a case may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

If venue is not proper in the district or division where the case is filed, the case may be dismissed under FRCP 12(b)(3).  Alternatively, where venue is not proper in a case, 28 U.S.C. § 1406(a) directs the district court to dismiss or, in the interest of justice, to transfer the case to a district or division where venue is proper.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962); *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981).

A case may also be transferred from a district court where venue is proper.  Pursuant to 28 U.S.C. § 1404(b), a court has discretion to transfer a case to another division within the same district where the case is pending "upon motion, consent, or stipulation of all parties."  The only exception to the "all parties" requirement of § 1404(b) pertains to "in rem proceedings brought by or on behalf of the United States."  28 U.S.C. § 1404(b).

A district court may also transfer a case from a court with proper venue pursuant to 28 U.S.C. § 1404(a).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

2

## ANALYSIS

Dismissal or Transfer based on Improper Venue

Venue is proper in the Eastern District of Texas because the alleged FMLA violations occurred in Longview, Texas.  Good Shepard does not argue that venue in the Eastern District of Texas is improper.  Good Shepard only argues that it should have been sued in the Tyler Division because it is located there.  Good Shepard gives no legal basis for its contention that venue is specific to divisions within a district or its contention that venue is not proper in the Marshall Division, apart from arguing that it is located in the Tyler Division. Because venue in the Eastern District of Texas is proper, the Court denies Good Shepard's Rule 12(b)(3) motion to dismiss for lack of proper venue.

Similarly, 28 U.S.C. § 1406(a) is applicable only when venue is not proper where the case is filed.  Because venue is proper in the Eastern District of Texas, the Court denies Good Shepard's motion to dismiss or transfer pursuant to 28 U.S.C. § 1406.

Dismissal or Transfer where Venue is Proper

Good Shepard argues for transfer based on 28 U.S.C. § 1404(b).  However, 28 U.S.C. § 1404(b) is inapplicable because this motion was not made "by all parties." Good Shepard made clear in its reply that it is not moving for a transfer under 28 U.S.C. § 1404(a).  Accordingly, the Court denies Good Shepard's § 1404(b) transfer motion.

## CONCLUSION

Having concluded that venue is proper in the Eastern District of Texas and that transfer is not warranted under 28 U.S.C. § 1404, the Court **DENIES** Good Shepard's motion to dismiss or transfer.

So ORDERED and SIGNED this 26th day of September, 2006.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**